AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| TYLER Y. HAMILTON | ) ) ) ) | Case No. 3:22-mj-287 |
| *Defendant(s)* | | |

### CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of September 1, 2022 in the county of Montgomery in the Southern District of Ohio, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC s. 846 & 841(b)(1)(A) | conspiracy to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance |
| 18 U.S.C. s. 924(c)(1)(A) | possession of a firearm in furtherance of a drug trafficking crime |

This criminal complaint is based on these facts:

See Attached Affidavit of Robert M. Buzzard

☑ Continued on the attached sheet.

*Robert M. Buzzard*
Complainant's signature

Robert M. Buzzard, SA of the FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone

Date: 9/2/2022

*Chelsey M. Vascura*
Judge's signature

City and state: Columbus, Ohio

Chelsey M. Vascura, US Magistrate Judge
*Printed name and title*

AFFIDAVIT

I, Robert M. Buzzard, state as follows:

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been so employed since January of 2002. I am currently assigned to the Cincinnati Division, Dayton Resident Agency. As such, I am charged with investigating crimes against the United States of America, including but not limited to violations of Title 18 and Title 21 of the United States Code (U.S.C.). I have received training in drug trafficking investigations and participated in numerous narcotics and firearms-related investigations (ultimately leading to successful prosecution) that involved surveillance, the execution of search warrants, gathering evidence of money laundering, interviewing suspected drug traffickers, and supervising the activities of informants who provided information and assistance which resulted in the seizure of narcotics and firearms. I am aware of federal firearm laws and know that possessing a firearm by a convicted felon is a violation of Title 18 U.S.C. Sections 922(g)(1) and possessing a firearm after a domestic violence conviction is a violation of Title 18 U.S.C. Sections 922(g)(9).

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not set forth all of my knowledge about this matter.

## I.

## PURPOSE OF AFFIDAVIT

3. I make this affidavit in support of a criminal complaint against, and an arrest warrant for:

  a. Tyler Y. Hamilton for: (1) conspiracy to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A);

  b. Harold E. Dillard Jr. for: (1) conspiracy to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A);

  c. John Andrew Peters III for being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

  d. Michael Anthony Lee Jr. for knowing and intentional distribution of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## II.

## PROBABLE CAUSE

4. Law enforcement received a complaint concerning possible drug trafficking activity at 5211 Lome Avenue, Trotwood, Ohio. On September 1, 2022, based on the tip, FBI performed surveillance of this house and saw multiple known drug traffickers coming and going from the residence, including Tyler Y. Hamilton, Harold E. Dillard Jr., John Andrew Peters III, and Michael Anthony Lee Jr. Specifically, Hamilton has a prior federal drug trafficking

conviction in this Court from 2013 and remains on federal supervised release. Peters was convicted of a federal drug conspiracy in 2016 in the United States District Court for the Southern District of Indiana. Notably, Peters received a 70-month sentence in that federal case and therefore he knows that he has been convicted of a crime punishable by a term of imprisonment exceeding one year. Earlier this decade, law enforcement previously encountered Lee in a home in the Dayton, Ohio area that contained bulk amounts of controlled substances.

5. While performing surveillance, FBI saw Lee exit the house and enter a gray rental vehicle. The grey rental vehicle drove approximately two blocks, where it met with another car. Lee passed an item to the occupant of the car (who, in fact, was an undercover federal task force officer) and received cash in exchange. Lee represented that the item was in fact an ounce of methamphetamine. Lee then returned to the house in the rental vehicle. The task force officer field tested the substance received from Lee, and it tested positive for methamphetamine as Lee had represented.

6. Around this time, state law enforcement obtained a search warrant for Lome Avenue. As police approached the house to execute that warrant on the evening of September 1, 2022, Dillard and Hamilton entered the grey rental vehicle and drove from the residence. Peters, who was in front yard of the house, appeared to see officers, and he removed an FNH handgun from his person, walked to a trash can, and placed the gun inside of it. Upon reaching the house, officers detained Peters as well as Lee, who was also on the curtilage of the residence.

7. Meanwhile, Dillard and Hamilton drove to a nearby house and began to back the rental vehicle into its driveway. Hamilton quickly exited the rental vehicle and went into the nearby house. Knowing that Dillard lacked a valid license and yet was driving the rental vehicle, a marked unit activated its lights to stop the car. After contacting Dillard near the rental vehicle, law enforcement approached the house and knocked on its front door. Hamilton answered the door, and law enforcement immediately noticed that his clothing was wet. His body was covered with a powdery residue consistent with controlled substances – specifically, fentanyl. Given these observations, officers detained Hamilton and recovered a set of keys while searching him as well as bulk cash from his pockets. After confirming that Dillard did not have a valid license, law enforcement impounded the rental car and inventoried it consistent with local department policy. Inside of the car, officers discovered bulk amounts of cash, a digital scale with fentanyl residue, multiple cellular telephones and items belonging to Dillard (such as his passport). While inventorying the rental, officers discovered a set of keys attached to the keys of the rental vehicle.

8. Back at Lome, law enforcement searched this residence as well as vehicles on its curtilage. Inside of the house, officers discovered a digital scale, handgun ammunition, loaded firearm magazines, and respirator masks that drug dealers commonly use to protect themselves from inhaling fentanyl while processing it. A key recovered from Dillard's rental vehicle unlocked the front door of Lome.

9. Officers discovered an Impala on the curtilage of Lome. Notably, the keys recovered from Hamilton went to the Impala. While searching the Impala pursuant to the warrant, law enforcement found within it multiple bags. One bag located in the front driver

floorboard contained two semi-automatic handguns and a baggie of suspected fentanyl weighing over 200 grams. Law enforcement discovered two larger bags in the trunk. These larger bags contained drug processing equipment such as blenders, respirator masks, cutting agents, digital scale, and drug presses that drug dealers commonly use to shape bricks of cut fentanyl for resale; one of the large bags also contained a pill bottle in the name of Harold Dillard. The trunk also held two smaller bags. One of the smaller bags contained approximately 18 jars collectively holding thousands of suspected fentanyl pills as well as two compressed bricks of fentanyl collectively weighing over 1.5 kilograms. (Law enforcement field tested the two bricks and confirmed that they contained fentanyl). The second smaller bag contained bulk quantities of fentanyl, collectively weighing over 3 kilograms; a portion of this substance was also field tested, and it returned a positive result for fentanyl. Given that Hamilton had the keys to the Impala and an item belonging to Dillard was recovered from the drug processing equipment, I believe that these two men had control over the illegal contents found in the Impala.

10. Agents also recovered from a trashcan on Lome the FNH firearm that Peters had attempted to hide there. I have spoken with an agent from ATF, and he confirmed that FNH firearms are not manufactured in Ohio. As such, the firearm that Peters placed in the trashcan crossed a state line to reach him in this state.

11. Based on the foregoing, I request that this Court issue a criminal complaint against, and arrest warrant for:

    a. Tyler Y. Hamilton for: (1) conspiracy to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a

Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A);

      b.    Harold E. Dillard Jr. for: (1) conspiracy to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A);

      c.    John Andrew Peters III for being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

      d.    Michael Anthony Lee Jr. for knowing and intentional distribution of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

                                     Respectfully submitted,

                                       *Robert M. Buzzard*
                                       Robert M. Buzzard
                                       Special Agent
                                       Federal Bureau of Investigation

Subscribed and sworn to before me on this __2n<u>th</u>__ day of September 2022.

*Chelsey M. Vascura*
HONORABLE CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE